# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| COMPUTER PROGRAMS & SYSTEMS, INC., AND TRUBRIDGE, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO. 18-cv-0112-CG-N<br>) |
| TEXAS GENERAL HOSPITAL and TEXAS GENERAL HOSPITAL - VZRMC, | )<br>)<br>) |
| Defendants. | |

## ORDER

This matter is before the Court on Defendants, Texas General Hospital and Texas General Hospital -VZRMC's, Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a). (Doc. 16). Plaintiffs, Computer Programs & Systems, Inc., and TruBridge, LLC, have responded (Doc. 19), Defendants have replied (Doc. 20), and with this Court's approval, Plaintiffs have filed a Sur-Reply (Doc. 23). For the reasons stated herein below, Defendants' Motion is hereby DENIED.

## FACTS

On July 26, 2013, Syed I. Usman executed a "Master Services Agreement" with Plaintiff on behalf of Texas General Hospital. (Doc. 19 at 2). On March 30, 2015, Suleman Hashmi executed a "Master Services Agreement" (collectively the "Agreements") with Plaintiff on behalf of Texas General Hospital – VZRMC, LP. (*Id*.) Both Agreements contain identical forum selection clauses which state that "[t]his Agreement shall be construed under the laws of the State of Alabama […]

The exclusive and sole venue for any action brought to enforce or interpret this Agreement shall be the state and federal courts situated in Mobile County, Alabama […]." (*Id.*; Doc. 19-1 at 12, 23).

On February 7, 2018, Plaintiffs Computer Programs & Systems, Inc. ("CPSI") and TruBridge, L.L.C. ("TruBridge") filed this action in the Circuit Court of Mobile County, Alabama alleging two counts of breach of contract based on the 2013 and 2015 Agreements. (Doc. 16 at 11-16). On March 12, 2018, Defendants filed a notice of removal based on diversity jurisdiction. (Doc. 1). On March 19, 2018, Defendants filed an Answer and on March 22, 2018, defendants filed an amended notice of removal and the subject Motion to Transfer (Docs.7, 15, and 16). The Motion to Transfer has been briefed and is ripe for review.

DISCUSSION

Defendants seek a transfer of this action to the Northern District of Texas for *forum non conveniens* pursuant to 28 U.S.C. §1404(a). (Doc. 16 at 3). In support of transfer, Defendants point out that all of the Defendants are residents of the Northern District of Texas, that a substantial part of the events giving rise to this action occurred in Texas, that trial of this action in Texas would be more convenient for Defendants and any potential defense witnesses, and that access to the relevant documents is easier in Texas. (*Id.* at 5). Defendants additionally assert that it is in the public's interest to transfer this action because (1) the Northern District of Texas has more magistrate and district judges than this Court, such that a transfer of this action will lessen the administrative burden on the court system and that

(2) the events giving rise to this action occurred in Texas and (3) the Alabama law governing this action is not complicated. (Doc. 16 at 6; Doc. 20 at 3-5).

Plaintiff opposes a change of venue and argues that transfer is improper because the contracts upon which this action is based contain valid forum selections clauses restricting venue to state and federal courts in Mobile, County, Alabama.[1] (Doc. 19 at 1). Accordingly, Plaintiffs assert that Defendants have waived their right to challenge venue based on *forum non conveniens*. (*Id.* at 2-6). Moreover, Plaintiffs assert that the public interest factors to be considered by this Court do not weight in favor of a transfer of venue. (Doc. 23 at 5-8).

Whether to transfer a case to another district is a matter within the discretion of the court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). The federal change of venue statute provides that the court may transfer a case to another district in which it might have been brought in the interest of justice or for the convenience of the parties or witnesses. 28 U.S.C. § 1404(a). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. […] and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 134 S.Ct. 568, 187 L.Ed. 2d 487 (2013), quoting § 1404(a). However,

---

[1] Defendants do not assert that the forum selection clauses are invalid.

when the parties' contract contains a valid forum-selection clause, it should be "given controlling weight in all but the most exceptional cases," *Id*. at 63. (citations omitted).

> The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, the court should not consider the parties' private interests aside from those embodied in the forum-selection clause; it may consider only public interests. Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules.

*Id*. (citation omitted).

Defendants do not dispute that the 2013 and 2015 Agreements underlying this action contain forum selection clauses. Rather, they assert that a third contract which does not contain such a clause is the primary contract. (Doc. 20 at 2). Defendants also attempt to distinguish this action from *Atlantic Marine*, quoted above, by arguing that *Atlantic Marine* "concerns the procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause", unlike in this action where Plaintiffs are seeking to enforce the forum selection clause. (Doc. 20 at 2). Defendants then assert that this Court's ruling in *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F.Supp.2d 1293 (S.D. Ala. 2003), is more on point because like this action, in *Lasalle*, the Defendants sought transfer to a district where all the defendants reside when the operative facts did not take place in the

state where the action was filed and when transfer was warranted despite the requirement that Alabama law applied. (Doc. 20 at 3).

Defendants' arguments are not compelling. First, it is clear from the Complaint that the 2013 and 2015 Agreements which contain forum selection clauses are at issue in this action. (Doc. 16 at 11-16; Doc. 19-1 at 12, 23). Further, Plaintiffs fail to substantiate their position that the existence of a third contract signed in 2011 that does not have a forum selection clause would negate the clauses in the subsequent Agreements. Second, Plaintiffs offer no case law to support that the outcome in *Atlantic Marine* would be different if the Plaintiff, instead of the Defendant, had sought to enforce the agreement. Moreover, it is clear that the Court's reasoning in *Atlantic Marine* was based not on which party sought to enforce the clause, but on the burden of the party attempting to defy the clause. *Atlantic Marine,* 571 U.S. at 63 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.") Here, Defendants, as the party attempting to defy the forum selection clause, bear the burden. Third, the case on which Defendants rely to support a transfer of venue is readily distinguishable from the instant action because it did not involve a forum selection clause at all. *See Lasalle, supra.* Accordingly, to be successful in having this action transferred, Defendants must show that public interest considerations weigh in favor of transfer. *See Atlantic Marine,* 571 U.S at 64) ("Whatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was

5

clearly foreseeable at the time of contracting." […] As a consequence, a district court may consider arguments about public-interest factors only.") (citations omitted).

The public-interest factors to be considered "include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atlantic Marine 571 U.S* at n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981)). Defendant contends the public interest factors weigh in favor of transfer because (1) the District Court for the Northern District of Texas has more judicial staff, therefore lessening the administrative burden on this Court, (2) the operative events underlying Plaintiffs' claims , "including negotiation, execution, performance, and alleged breach of the contracts" occurred in the Northern District of Texas and therefore, the "at home" Court is Texas, and (3) the Alabama law at issue is not complicated or unique. (Doc. 20 at 2-4). Again, Defendants' arguments are not compelling.

Defendants have not offered any evidence that the number of judicial staff in the Northern District of Texas equates to a lessening of administrative difficulties due to court congestion. Therefore, even without considering Plaintiffs' proffer of information which shows that the Northern District of Texas is actually more congested than this Court, (Doc. 23 at 5-6), Defendants' statement regarding the number of judges on the bench without any reference to the corresponding number of cases or the administrative case load does not meet the burden to sway this factor

in Defendants' favor.  Next, despite Defendants' contention that the operative events underlying this action took place in Texas, it is clear that this assertion is disputed as Plaintiffs also argue that the contractual obligations of the contracts at issue took place in Mobile, Alabama.  Based on the facts before this Court, it cannot be determined where the primary events took place, but it is clear that at least some events took both in both Alabama and Texas.  Again, the burden is on Defendants, and this factor cannot be said to clearly weight in favor of transfer.  At best, this factor would favor neutrality.  Lastly, even if the Alabama laws at issue are not complex, there is no argument to be made that a Texas Court would be better equipped to consider Alabama law than an Alabama Court.  Accordingly, the third public factor clearly weighs against Defendant.

Based on the above, this Court finds that the totality of the public interest factors to be considered do not weigh in Defendants' favor.  As such, Defendants have failed to meet their burden of showing that this is one of the rare cases in which a transfer of venue is appropriate despite the existence of a valid forum selection clause.

## CONCLUSION

For the reasons stated herein above, Defendants' Motion to Transfer Venue (Doc. 16) is hereby **DENIED**.

**DONE** and **ORDERED** this 7th day of August, 2018.

       /s/ Callie V. S. Granade  
      SENIOR UNITED STATES DISTRICT JUDGE