IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COMPUTER PROGRAMS & SYSTEMS, INC., *et al.*, | ) ) ) |
| Plaintiffs/Counter Defendants, | ) ) |
| vs. | ) )  CIV. ACT. NO. 1:18-cv-112-TFM-N |
| TEXAS GENERAL HOSPITAL, *et al.*, | ) ) ) |
| Defendants/Counter Claimants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiffs' Motion to Dismiss Defendants' Counterclaim for Failure to Prosecute* (Doc. 101, filed 3/16/2020), Defendants' *Response to Plaintiffs' Motion to Dismiss Defendants' Counterclaim for Failure to Prosecute* (Doc. 110, filed 4/7/2020), and *Plaintiffs' Reply in Support of Motion to Dismiss Defendants' Counterclaim for Failure to Prosecute* (Doc. 111, filed 4/15/2020). The motion, as it pertained to allegations of discovery violations, was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a). On June 10, 2020, the Magistrate Judge entered a report and recommendation which recommends the request for dismissal under Fed. R. Civ. P. 41(b) be denied, but that lesser sanctions should be imposed under Fed. R. Civ. P. 37(b)(2)(A)(ii). Both parties timely objected on June 24, 2020. *See* Docs. 130, 131. No responses to the objections were filed. Therefore this matter is ripe for review.

Defendants object to several findings and the ultimate recommendation made by the Magistrate Judge. *See* Doc. 130. First, though Defendants do not object regarding the recommendation on denying the motion to dismiss, they do object to the recommendation of lesser sanctions and instead argue that no sanctions are appropriate. They also object to particular

findings made by the Magistrate Judge. The Court has reviewed those objections and finds they lack merit with one small exception. Defendants state "TGH should be permitted to use its initial production of approximately 400 pages of documents along with the additional documents it has since produced to Plaintiffs prior to the close of discovery on May 26, 2020, as well as [Plaintiffs'] discovery responses and production, deposition testimony, and witness testimony." *Id*. at 2. This objection also relates specifically to the "limited" objection filed by the Plaintiffs. *See* Doc. 131. Plaintiffs request that "the Report be modified so that Defendants are limited to solely using the 405 pages of documents they produced to Plaintiffs in April 2019 and the documents they produced on May 14, 2020. Defendants should be prohibited from using any other evidence, including the documents referenced below that were produced on May 26, 2020."

In response to Defendants' objection, the Court does not read that it was the Magistrate Judge's intention to preclude Defendants from utilizing any of the discovery it received in turn from the Plaintiffs. Rather, that Defendants are prohibited from introducing any evidence has not been produced to Plaintiffs in the discovery process. However, to the extent the sanction was not clear, this is how the Court intends to apply it *at this time*.

With regard to the Plaintiffs' limited objection, the Court finds that the objection is not the appropriate mechanism to bring up its concerns regarding the last minute "discovery dump." This discovery was issued after the briefing on the instant motion and also not something that the Magistrate Judge would have been aware of when she issued her Report and Recommendation, as Plaintiffs themselves note. Doc. 131 at 3, n. 2. Further, it was not raised by Plaintiffs in the days after it was done, but rather raised almost a month later in response to the Report and Recommendation. The Court finds that to the extent there was an issue with the last minute discovery, it is more appropriate to raise the issue by separate motion such that the Court may have

sufficient briefing to determine whether the 600+ pages are appropriate to address within the sanction.  As the current briefing on the summary judgments has been suspended prior to resolving the issue of sealing, there is no prejudice to the parties.  To the extent still necessary, the Court will allow an appropriate motion to be filed on this issue, but will not address it here.  Therefore, Plaintiffs' objection is also overruled.

In conclusion, after due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the objections are overruled and the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

Accordingly, it is **ORDERED** as follows:

(1) *Plaintiffs' Motion to Dismiss Defendants' Counterclaim for Failure to Prosecute* (Doc. 101) is **DENIED** as to its request for dismissal under Rule 41(b) for failure to prosecute;

(2) Lesser sanctions are imposed on Defendants under Federal Rule of Civil Procedure 37(b)(2)(A)(ii).  Specifically, the evidence Defendants may use to support their counterclaims in this action, both at summary judgment and at trial, is limited to the documents they produced to Plaintiffs prior to the close of discovery on May 26, 2020 and any matters received from Plaintiffs in the discovery process.  No evidence outside of this shall be permitted to support the counterclaims.

**DONE** and **ORDERED** this 13th day of July 2020.

>/s/ Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES DISTRICT JUDGE